IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JEFFREY WIGGINGTON                                                                                    PLAINTIFF

V.                                                              CAUSE NO.: 4:12CV051-SA-JMV

WASHINGTON COUNTY, MISSISSIPPI,
SHERIFF MILTON GASTON, in his
Official and individual capacities; and
WASHINGTON COUNTY SHERIFF'S
DEPARTMENT                                                                                           DEFENDANTS

MEMORANDUM OPINION

Plaintiff filed this action in June of 2012 pursuant to Title VII and a supplemental state law claim. Defendants filed a motion to dismiss on four bases. The Court has read the Complaint, motion, response, and reply. After reviewing the filings, rules and authorities, the Court finds that the Motion to Dismiss [6] shall be GRANTED IN PART and DENIED IN PART.

*Factual and Procedural Background*

Defendants raise four issues for disposal on this motion to dismiss:

1. Washington County Sheriff's Department is not a legal entity separate from Washington County and should be dismissed as a defendant;

2. Plaintiff failed to comply with the statutory requirements for holding a political subdivision liable for malicious interference with employment, or alternatively, that Washington County, Mississippi, and Milton Gaston, in his official capacity, are immune from such state law claims;

3. Milton Gaston cannot be held liable under Title VII in either his official or individual capacities; and

4. Punitive damages are not recoverable against Defendants as a matter of law.

*Motion to Dismiss Standard*

"The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010) (citing In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)). Of course, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The court must not evaluate the likelihood of the claim's success, but instead ascertain whether the plaintiff has stated a legally cognizable claim that is plausible. Lone Star Fund, 594 F.3d at 387 (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

*Discussion and Analysis*

1. Washington County Sheriff's Department

Defendants argue that the Washington County Sheriff's Department should be dismissed as a party defendant as the county would be the more proper entity to defend the suit.

Federal Rule of Civil Procedure 17 provides that the capacity to be sued for all parties, except corporations or individual not acting in a representative capacity, is determined by the law of the state in which the court is located. FED. R. CIV. P. 17(b). The Mississippi Supreme Court, interpreting the Mississippi Tort Claims Act, has held that "sheriff's departments are not political subdivisions within the meaning of the MTCA." Brown v. Thompson, 927 So. 2d 733, 737 (Miss. 2006).

Plaintiff does not argue that the Washington County Sheriff's Department enjoys a separate legal existence apart from Washington County, he merely states that he filed this suit against both entities "out of an abundance of caution." Because the Washington County

2

Sheriff's Department does not enjoy a separate legal existence, apart from Washington County, the case against that defendant shall be dismissed. See Darby v. Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir. 1991) (in order for a sheriff's department to be amenable to suit, it must be determined that it enjoys a seapate legal existence than that of the county); Whiting v. Tunica County, 222 F. Supp. 2d 809 (N.D. Miss. 2002) (holding that the Tunica County Sheriff's Department is not an entity amenable to suit and must be dismissed as the county was the proper party).

    2.   Malicious Interference with Employment

Plaintiff states that his failure to follow the notice requirements of the MTCA is not dispositive here as his claim falls outside the MTCA. Indeed, Plaintiff apparently asserts that this claim is pled only against Milton Gaston in his individual capacity and that Gaston was not acting in the course and scope of his employment when he allegedly maliciously interfered with his employment.

The Mississippi Tort Claims Act specifically provides that the State and its political subdivisions immunity from suit on account of "any wrongful or tortious act or omission or breach of implied term or condition of any warranty or contract, including but not limited to libel, slander or defamation, by the state or its political subdivisions, or any such act, omission or breach by any employee of the state or its political subdivisions . . . ." Miss. Code Ann. § 11-46-3(1). The MTCA also provides that an "employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations." Because Plaintiff has failed to rebut that Washington County, Mississippi, is

protected by the immunity noted in the MTCA, the claims against Washington County and Milton Gaston in his official capacity are dismissed. However, Milton Gaston, in his individual capacity, remains as a party defendant.

      3.    <u>Title VII Claims Against Milton Gaston Individually and Officially</u>

Defendants request that the Court dismiss Plaintiff's Title VII claims against Milton Gaston in his official and individual capacities. Plaintiff responds and concedes that the Title VII claim against Milton Gaston in his individual capacity should be dismissed, and that the claim against Gaston in his official capacity is the same claim as against the Sheriff's Department.

While Title VII defines the term employer to include "any agent" of an employer, 42 U.S.C. § 2000e(b), the Fifth Circuit does not interpret the statute as imposing individual liability for such a claim. See <u>Pfau v. Reed</u>, 125 F.3d 927, 935-36 (5th Cir. 1997). As Congress's purpose in extending the definition of an employer to encompass an agent in Section 2000e(b) was simply to incorporate respondeat superior liability into Title VII, a Title VII suit against an employee is actually a suit against the corporation. <u>Grant v. Lone Star Co.</u>, 21 F.3d 649, 652 (5th Cir. 1994); see also <u>Indest v. Freeman Decorating</u>, 164 F.3d 258, 262 (5th Cir. 1999). The Fifth Circuit has further concluded that "outside of an action against an officer personally, a plaintiff does not have an action against both the corporation and its officer in an official capacity." <u>Indest</u>, 164 F.3d at 162; <u>Sims v. Jefferson Downs Racing Assoc., Inc.</u>, 778 F.2d 1068, 1081 (5th Cir. 1985). Accordingly, "a party may not maintain a suit against both an employer and its agent under Title VII." <u>Indest</u>, 164 F.3d at 162. Plaintiff is not entitled to maintain an action against both a County and its agent in an official capacity in a Title VII action because effectively the

4

employer could be held liable twice for the same act. Milton Gaston in his official and individual capacity are therefore dismissed from Plaintiff's Title VII claim.

    4.   Punitive Damages

Defendants note that punitive damages are not assessable against political subdivisions pursuant to Mississippi law. Plaintiff counters that he is only seeking punitive damages against Gaston in his individual capacity for actions taken outside the course and scope of his employment. As Defendants seem to contend that this claim is not ripe for dismissal at this time, the Court denies the Defendants' request for judgment as a matter of law at this juncture.

*Conclusion*

Accordingly, the Defendants' Motion to Dismiss [6] is GRANTED IN PART and DENIED IN PART. The Washington County Sheriff's Department is dismissed as a party defendant. Plaintiff's state law claim for malicious interference with employment and punitive damages survive against Milton Gaston in his individual capacity, and Plaintiff's Title VII claims survive against Washington County, Mississippi.

SO ORDERED, this the 18th day of March, 2013.

                                                     /s/ Sharion Aycock
                                                   **U.S. DISTRICT JUDGE**